U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
**FILED**
APR - 8 2011
IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 4:11CR0060 HDY |
| ) | |
| HAWK FIELD SERVICES, LLC ) | |
| ) | |

## PLEA AGREEMENT

The United States Attorney for the Eastern District of Arkansas, Christopher R. Thyer, by and through Edward O. Walker, Assistant United States Attorney, and the Assistant Attorney General, Environment and Natural Resources Division, Ignacio S. Moreno, by and through Todd S. Mikolop, Trial Attorney, Environmental Crimes Section, and Hawk Field Services, LLC, defendant, by and through counsel, hereby agree to the following terms and conditions in connection with the above-captioned proceedings.

1. **GUILTY PLEA:** The defendant will enter a plea of guilty to three misdemeanor counts of taking an endangered species, a violation of Title 16, United States Code, Sections 1538(a)(1)(B) and 1540(b)(1), Title 50, Code of Federal Regulations, Sections 17.21(a) and (c), and Title 18, United States Code, Section 2, as set forth in Counts One through Three of the Information.

2. **ELEMENTS OF THE CRIME:** The parties agree the elements of the offense to which the defendant will plead guilty are:

    (a) Defendant knowingly took a specimen of a threatened species, that is a speckled pocketbook mussel;

    (b) the species was in fact a speckled pocketbook mussel;

    (c) Defendant took the mussel unlawfully, that is, without permission from the United States Department of the Interior; and

    (d) Defendant took the mussel within the jurisdiction of the United States.

The defendant agrees that it is guilty of the offenses charged and each of these elements is true.

3. **PENALTIES:**

The maximum statutory penalty for each of the charges set forth in the Information is a fine of either not more than two hundred thousand ($200,000) dollars or twice the gross gain or loss resulting from the unlawful conduct (pursuant to 18 U.S.C. § 3571(c) and (d) (the "alternative fines" statute)); a term of probation of five (5) years (pursuant to 18 U.S.C. § 3561(c)(2)); and a $125 special assessment (pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii)).

4. **CORPORATE AUTHORIZATION:**

The Defendant represents that it is authorized to enter into this plea agreement. The United States agrees that Hawk Field Services, LLC, may enter its misdemeanor guilty pleas through its General Counsel, Mr. David Elkouri, or such of its outside counsel as Mr. Elkouri shall designate. Hawk Field Services, LLC, agrees that Richard DiMichele, the President of Hawk Field Services, LLC, or a substitute otherwise approved by the United States, will be present for the imposition of sentence, on a date to be determined by the Court.

Within two weeks of the execution of this plea agreement, Hawk Field Services, LLC, will provide to the United States and to the Court written evidence, in the form of a notarized resolution of its Board of Directors, certifying that Hawk Field Services, LLC, is authorized to plead guilty to all counts of the Information in the above-captioned case, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that David Elkouri, or such of its outside counsel as Mr. Elkouri shall designate, has been approved by Hawk Field Services, LLC's Board of Directors to enter the guilty pleas, and that all corporate formalities required to effectuate such authorization have been observed.

5. **WAIVERS**: The defendant acknowledges that it has been advised of and fully understands the nature of the charges to which the plea is offered and the maximum possible penalty provided by law. The defendant further understands that by entering into this Agreement, it is waiving certain constitutional rights, including, without limitation, the following:

(a) The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

(b) The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

2

  (c)  The right to confront and cross examine witnesses;

  (d)  The right to testify in its own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant; and

  (e)  The right to call witnesses and to require those witnesses to appear by issuing subpoenas.

6. **SENTENCING GUIDELINES**: Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG") promulgated by the United States Sentencing Commission provide guidance for the sentencing of corporate defendants, except that pursuant to USSG § 8C2.1 and 8C2.10, the United States Sentencing Guidelines pertaining to the sentencing of organizations do not determine the fine range in cases involving environmental crimes, including the making of false statements, the use of false writings or efforts to obstruct justice in order to conceal economic crimes. Instead, the fine is to be determined pursuant to 18 U.S.C. §§ 3553 and 3571. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable in the above-captioned case, including provisions for probation and community service.

7. **AGREED DISPOSITION**:

The United States and the Defendant agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the following is the appropriate disposition of this matter:

  A. <u>Fine</u>. On the date of sentencing, Hawk Field Services, LLC, shall pay a total criminal fine in the amount of three hundred fifty thousand dollars ($350,000), to be paid by cashier's check or money order as directed by the Court, made payable to "Clerk, United States District Court".

  B. <u>Mandatory Special Assessment</u>. On the date of sentencing, Hawk Field Services, LLC, agrees to pay to the United States a special assessment of $125.00 per count, as required by Title 18, United States Code, Section 3013 (a)(1)(B)(iii). This special assessment

is to be paid by cashier's check or money order as directed by the Court, made payable to "Clerk, United States District Court".

C. <u>Probation</u>. Hawk Field Services, LLC, will be placed on organizational probation for a period of three years pursuant to 18 U.S.C. § 3561(c)(1) and USSG § 8D1.1 and 8D1.2. The terms of probation shall be:

(1) <u>No Further Violations</u>. Hawk Field Services, LLC, shall commit no violations of U.S. federal or state law, including, but not limited to, violations of the Endangered Species Act, or federal or state environmental laws and regulations.

(2) <u>Payments</u>. Hawk Field Services, LLC, shall make payment in full of the monetary amounts set forth herein including all special assessments and fines.

(3) <u>Community Service</u>. Hawk Field Services, LLC, agrees that as a special condition of probation it will perform organizational community service, as specified herein, pursuant to § 8B1.3 of the United States Sentencing Guidelines and in furtherance of the principles provided for under 18 U.S.C. § 3553(a). The explicit goal of the Defendant's community service is to fund environmental projects and initiatives designed for the protection, preservation, and restoration of the environment and ecosystems in the areas of the Fayetteville Shale found in the Eastern District of Arkansas. These projects and initiatives are to include, but are not limited to, monitoring, study, restoration, and preservation of fish, wildlife and plant resources; monitoring, study, clean-up, sampling and analysis of threats to the environment and its natural resources; and education, public outreach and enforcement of the law related to protecting the fish, wildlife and the environment in Arkansas. Accordingly, the Defendant agrees to pay $150,000.00 on the date of sentencing to the National Fish & Wildlife Foundation ("NFWF") for use in the

Little Red River watershed. NFWF will use these funds consistent with their operations.

8. **FACTUAL STATEMENT**:

Prior to the sale on January 7, 2011, Hawk Field Services, LLC's activities in the Eastern District of Arkansas, and elsewhere, included exploration, production, and transportation of natural gas. To achieve this, Hawk Field Services, LLC, acquired and developed land, on which wells and pipelines were installed. Natural gas was pumped from the wells and transported to markets through pipelines.

The South, Middle, and Archey Forks of the Little Red River, and their tributaries, are located in steep, mountainous terrain. Perennial and intermittent streams flow throughout the region. Much of the region is forested, requiring that Hawk Field Services, LLC, deforest the area in which a pipeline or well pad was to be developed. Pipelines are typically laid in a de-forested swath of land that is approximately 50-75 yards wide, running the entire length of the pipeline.

The gas transmission lines that carry gas from wells to market cross many of the perennial and intermittent streams in the Little Red River watershed. The pipelines are subsurface and were constructed across the streams by either trenching or using a technique known as directional drilling. In either case, Hawk Field Services, LLC, cleared the land on both sides of a stream, exposing bare ground until the pipeline was installed and the land remediated, by re-seeding and re-foresting.

During construction of the pipelines in the Little Red River watershed from on or about October 1, 2008 to April 17, 2009, Hawk Field Services, LLC, did not adequately control erosion. This lack of erosion control allowed silt to run downhill to the streams, causing sediment to build up at the stream crossing and downstream. This erosion and sedimentation occurred in waters containing the endangered speckled pocketbook mussel, and caused a take of at least one mussel by harassment, in the South Fork, Little Fork, and Archey Fork of the Little Red River.

9. **COOPERATION IN THE SENTENCING PROCESS**:

  A. The defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report.

    B. The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

    10. **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**: The United States Attorney for the Eastern District of Arkansas and the Assistant Attorney General, Environment and Natural Resources Division, Environmental Crimes Section, will bring no further criminal charges against the defendant for any acts or conduct arising out of the events described in the Information, which is the subject of this action, unless the defendant breaches this Agreement.

    11. **RECORDS:** The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U. S. C. Section 552, or the Privacy Act of 1974, 5 U. S. C. Section 552a.

    12. **CIVIL CLAIMS BY THE GOVERNMENT:** Except to the extent otherwise expressly specified herein, this plea agreement does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to, tax matters.

    13. **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT:**

    A. Defendant acknowledges and understands that if the defendant violates any term of this Agreement, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

      (1) terminate this Agreement; or

      (2) proceed with this Agreement and

        (a) deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement; and/or

        (b) advocate for any sentencing enhancement that may be appropriate.

    B. In the event the United States elects to terminate this Agreement, the United States shall be released from any and all obligations hereunder. The defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this

Agreement is terminated or if the defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement.

C.  The defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement.

D.  In the event that the Agreement is terminated or if the defendant successfully moves to withdraw their misdemeanor plea, any statement made by the defendant in negotiation of, or in reliance on this Agreement:

(1) may be used to cross examine the defendant should he testify in any subsequent proceeding; and/or

(2) any leads derived therefrom may be used by the United States.

The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary.

14. **PARTIES:** This Agreement is binding only upon the United States Attorney's Office for the Eastern District of Arkansas, the Assistant Attorney General, Environment and Natural Resources Division, Environmental Crimes Section, and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

15. **MISCELLANEOUS:**

A.  MODIFICATION: No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

B.  HEADINGS and CAPTIONS: Subject headings and captions are included herein for convenience purposes only and shall not affect the interpretation of this Agreement.

C. **WAIVER**: No waiver of a breach of any term or provision of this Agreement shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

D. **RIGHTS and REMEDIES CUMULATIVE**: The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement by defendant.

E. **JOINT NEGOTIATION**: This Agreement has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement, but instead shall be interpreted according to the application of the general rules of interpretation for arms length agreements.

16. **NO OTHER TERMS**: This document completely reflects all promises, agreements and conditions made between the parties, constitutes the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

17. **APPROVALS AND SIGNATURES**:

A. **DEFENDANT**: The defendant has read this Agreement and carefully reviewed every part of it with their attorney. The defendant understands and voluntarily agrees to the terms and condition of this Agreement. Further, the defendant has consulted with its attorney and fully understands its rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement. Defendant further acknowledges that defendant has entered into this Agreement, consciously and deliberately, by defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement constitutes the legal, valid and binding obligation of the defendant, fully enforceable against

defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of their attorney in this case.

    B.    <u>DEFENSE COUNSEL</u>: Defense counsel acknowledges that he is the attorney for the defendant, and that he has fully and carefully discussed every part of this Agreement with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement, including the possible consequences of not complying with this Agreement. To counsel's knowledge, the defendant's decision to enter into this Agreement is an informed and voluntary decision.

DATED this _8th_ day of APRIL, 2011.

CHRISTOPHER R. THYER  
United States Attorney  

By: _____  
EDWARD O. WALKER  
Assistant United States Attorney  
Post Office Box 1229  
Little Rock, Arkansas 72203  
(501) 340-2600  
AR Bar # 2000076  

_____  
David Elkouri  
c/o HAWK FIELD SERVICES  
Defendant  

_____  
Allan Gates  
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.  
Attorney for Defendant  

IGNACIO S. MORENO  
Assistant Attorney General  
Environment and Natural Resources Division  

By: _____  
TODD S. MIKOLOP  
Trial Attorney  
Environmental Crimes Section  
P.O. Box 23985  
L'Enfant Plaza Station  
Washington, D.C. 20026-3985  
(202) 305-0381  
MA Bar # 648027  

9